## Ex parte McCOLLAM.

### No. 395a.

District Court, D. New Jersey.

June 16, 1942.

Hartsell & Callahan, and Malcolm J. Hartsell, all of New York City, for petitioner.

Charles M. Phillips, U. S. Atty., Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., and Major John T. Daly, U. S. Army, Post Judge Advocate, Fort Dix,

760

New Jersey, for Colonel Cassius M. Dowell, U. S. Army, Commanding Officer, Fort Dix, New Jersey, Respondent.

FORMAN, District Judge.

James G. McCollam was born to Hugh McCollam and Sarah McCollam on January 4, 1922. On July 10, 1940, he enlisted as a private in the Headquarters Battery, Second Battalion, 244th Coast Artillery, of the New York National Guard. On September 16, 1940, together with the other members of his outfit, he was inducted into the Army of the United States, pursuant to Joint Resolution No. 96 of the 76th Congress, approved August 27, 1940, 50 U.S. C.A.Appendix, § 401 et seq., and the Presidential Order of August 31, 1940. At the time of his enlistment and induction he had just finished his first year in college, was eighteen years of age and resided with his parents who had not been informed of his enlistment at the time he joined the National Guard, but learned of it shortly before his induction into the Army. A few days thereafter his mother appeared at the Armory of her son's regiment and sought out his battery and battalion commanders. She presented his birth certificate in corroboration that her son was only eighteen years old and told them that she had never consented to his enlistment, and on behalf of his father and herself, she requested that he should be released from service. She was told that her son was necessary to fill the complement of the regiment and that he could not be released, but assurance was given her that he would be released at the end of one year.

The petitioning father also visited the same officers and was likewise informed by them that his son could not be released.

In the following month the mother once more appealed to the battalion commander for the release of her son by way of a letter, dated October 21, 1940, which was forwarded to him at Camp Pendleton, Virginia Beach, Virginia, where her son's battery had been sent for training. No reply was made to this written appeal.

Finally, in September of 1941, when a year had expired, the parents retained counsel, who in their behalf conferred with a representative of the War Department at Washington to whom were submitted evidence of the birthday of the soldier and affidavits concerning the circumstances of the request for his release. Counsel was informed that the documents he presented

would be forwarded to the commanding officers of the soldier with directions to report as to the confirmation or denial of the facts recited in the affidavits. Subsequent inquiry directed to the commanding officers elicited the response that these papers had never been forwarded and no disposition of the matter was obtained by counsel.

Learning that the soldier was transferred to Fort Dix, from where he was to embark on foreign duty, application was made to this court by his father, Hugh McCollam, for a writ of habeas corpus to inquire into the legality of his induction into the Army. An order to show cause was issued why a writ should not be granted and the respondent moved to dismiss the petition and discharge the order to show cause on the ground that there was no statutory reason for his discharge from the Army, either in law or under the facts set forth in the petition. The motion of the respondent was denied and the writ of habeas corpus issued.

The respondent made a return to the writ, produced the body of the relator and filed a demurrer. A hearing was held, and the facts substantially as set forth above were either proved or conceded by the respondent. The petitioner directed attention to the following statute:

"Upon the presentation of satisfactory evidence as to his age and upon application for discharge by his parent or guardian presented to the Secretary of War within six months after the date of his enlistment, any man enlisted after July 1, 1925, in the Army under twenty-one years of age who has enlisted without the written consent of his parent or guardian, if any, shall be discharged with the form of discharge certificate and the travel and other allowances to which his service after enlistment shall entitle him." Title 10 U.S. C.A. § 653, Feb. 12, 1925, ch. 225, title I, 43 Stat. 896.

He also referred to the Army Regulations promulgated under the said statute in which the procedure to make the statute operative is outlined. (See Army Regulations No. 615-360, paragraphs 31 to 39, inclusive.)

The respondent argued that the statute upon which the petitioner based his application was no longer in effect, that it was simply a proviso to the Appropriation Act of 1926 and it expired at the end of that fiscal year. He further submitted that said section was inconsistent with the Se-

lective Training and Service Act of 1940 and 1941. 50 U.S.C.A.Appendix, § 301 et seq., for in those Acts Congress expressly authorized the enlistment of men under the age of twenty-one, and under the 1941 Act actually authorized conscription of men of the age of twenty. He also urged that since the relator was inducted into the Army from the National Guard, he does not come within the purview of enlisted soldier contemplated under the statute. He argues that the question here is moot, because the writ of habeas corpus was not granted until February 6, 1942, and on December 20, 1941, Congress authorized the conscription of male persons who had attained the twentieth anniversary of their birth and therefore Title 10 U.S.C.A. § 653 if effective at all must have been impliedly repealed by the Selective Service Act of 1941. Finally, the respondent contends that the facts are insufficient to sustain the writ because the requests by the parents for release of their son did not formally comply with paragraph 37 of Army Regulations No. 615-360, Section IV, which is as follows:

"37. Evidence required.—a. In support of an application for discharge under this section, the following evidence of age is required:

"(1) A duly authenticated copy of a municipal or other official record of the birth of the enlisted man, or

"(2) If no official record of the birth of the enlisted man can be obtained the affidavit of the parent or guardian should state specifically why an official record cannot be obtained. This affidavit must be accompanied by—

"(a) A baptismal certificate or the affidavit of the physician or midwife in attendance at the birth of the soldier, or

"(b) Affidavit of at least two persons not related to the soldier, testifying from their personal knowledge as to the date of his birth.

"b. If the enlisted man is 18 years or more of age the affidavits of the parents or legal guardian must also show that the enlistment from which his discharge is desired was without the written consent of the parents or legal guardian.

"c. In case of an enlistment under an assumed name the identity of the enlisted man with the person mentioned in the record of birth or the affidavits must be shown by the affidavit of the parents or legal guardian."

The respondent chooses to assert that the first request for release of relator was made by the attorney of the petitioner in October of 1941, which was in excess of the period of six months in which applications for discharge of minors is limited under the statute and regulations.

■ I cannot agree with the argument of the respondent that Title 10 U.S.C.A. § 653 was legislated only for the year 1926. It appears in the official publication of the United States Code (1934 edition) and is the basis upon which Army Regulations have been promulgated as recently as April 4, 1935.

■ I do not find that the Selective Service Acts of 1940 and 1941 have repealed by implication, or otherwise, the provision of Title 10 U.S.C.A. § 653. It is a fact that provision is made by these Acts for the enlistment of men under the age of twenty-one and for the conscription of twenty year old men under the Act of 1941. Nothing in the 1940 Act indicates that enlistments of men under the age of twenty-one shall not be in conformity with existing Congressional legislation. In so far as the 1941 Act authorizes the conscription of men of twenty years of age, the relator here fails to meet the age requirement. That law provides that those who have achieved the twentieth anniversary of their birth on or before December 31, 1941, are subject to call into the armed forces. The relator became twenty years of age on the 4th day of January, 1942 and therefore was not obliged to register or be subject to call under the Selective Service Act of December 20, 1941. The inconsistency complained of by the respondent is therefore dissolved in so far as it relates to this soldier.

■ Under the regulations of the United States Army a member of the National Guard inducted into the Army becomes a unit of the Army.

"The National Guard of the United States is at all times a component of the Army of the United States. When any or all of its units and members are ordered into the active Military Service of the United States, they are subject to such laws and regulations governing the Army of the United States as are applicable to members of the Army whose permanent retention in

the active Military Service is not contemplated. * * *" Army Regulations 130-10; Section XI, paragraph 130.

The Army Regulations, based upon Title 10 U.S.C.A. § 653, to which reference has been made affect those members of the National Guard who have been inducted into the Army on the same basis as other personnel of the Army are affected, so that respondent's point that the legislation differentiates between those inducted into the Army from the National Guard and those enlisting directly in the Army is not sustained.

The verbal, informal application of the father and mother of the relator within the six months' period following his induction, in fact within a few weeks thereafter, constituted a substantial compliance with the Army Regulations. The contention of the respondent calls for a construction of the statute and regulations that would be so strained as to require the application for release of the soldier to be made to the Secretary of War himself. The applications made, together with the presentation of evidence by way of birth certificate of the relator, to his battery and battalion officers, were sufficient to meet the requirements of the statute and the regulations. The War Department itself recognized Title 10 U.S.C.A. § 653 and the Army Regulations based thereon as lately as October 6, 1941, in a letter forwarded on that date by it to counsel for petitioner, which is in evidence, and in part reads as follows:

"I have your letter of September 22, 1941, relative to the discharge on account of minority of Private James G. McCollam, who, the records show, enlisted in the National Guard on July 10, 1940, and was inducted into Federal service on September 16, 1940, giving his date of birth as January 4, 1922.

"The Act of Congress approved February 12, 1925, provides for the discharge of enlisted men under twenty-one years of age who enlisted without the consent of parent or guardian, upon application of parent or guardian within six months after the date of enlistment.

"As the request for discharge was not submitted within six months after the date of his enlistment, there appears to be no way in which he can be discharged on account of minority." Exhibit R-3 in Evidence.

From this it appears that the War Department at the date of this communication took full cognizance of the existence of the statute and regulations but declined to find that the request for release of the relator was submitted within six months after the date of his induction.

I think it is fair to say that Title 10 U.S.C.A. § 653 and Army Regulations promulgated thereunder were in existence in October of 1940. The parents of the relator endeavored to comply with their provisions and in fact did effect a substantial compliance therewith. The commanding officers of the relator's battery and battalion either through ignorance of the statute and regulations or in commendable enthusiasm to keep up the numerical strength of their units failed to take appropriate action on the request of the relator's parents. Important as it is to encourage the recruitment of the Army in time of war it, nevertheless, is equally important that existing laws and regulations should be obeyed and the protections furnished thereunder should be safeguarded.

The relator does not escape entirely the burden of military service by taking advantage of the provisions of the law and regulations covering his youthful engagement to serve in the military. In appropriate time he will come under the Conscription Acts, if he has not already done so, and the country will then be in position to take advantage of the military training he has already acquired if he is legally conscripted into the Army. Under all of the circumstances the writ will be sustained and the relator discharged.

An order should be taken accordingly.